ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

March 23, 2004

The Honorable Carlos I. Uresti
Chair, Human Services Committee
Texas House of Representatives
P.O. Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0170

Re: Whether a state representative may represent a criminal defendant in an administrative license revocation hearing (RQ-0126-GA)

Dear Representative Uresti:

You ask whether a state representative may "represent a criminal defendant in an administrative license revocation hearing."[1]

Section 572.052(a) of the Government Code was amended in 2003 to read as follows:

> (a) A member of the legislature may not, for compensation, represent another person before a state agency in the executive branch of state government unless the representation:
>
> > (1) is *pursuant to an attorney-client relationship in a criminal law matter*; or
> >
> > (2) involves the filing of documents that involve only ministerial acts on the part of the commission, agency, board, department, or officer.

TEX. GOV'T CODE ANN. § 572.052(a) (Vernon Supp. 2004) (emphasis added); *see also id.* § 572.002(7) (defining "person" as "an individual or a business entity"). At first glance, subsection (a)(1) may seem anomalous. Certainly, a criminal law matter may be relevant to a licensing proceeding. *See* TEX. OCC. CODE ANN. § 53.021(b) (Vernon 2004) ("A license holder's license shall be revoked on the license holder's imprisonment following a felony conviction, felony community supervision revocation, revocation of parole, or revocation of mandatory supervision."). On the other hand, proceedings "before a state agency" are not a matter of "criminal law." Rather, they are generally referred to as "contested cases" and are governed by the Administrative Procedure Act,

---

[1]Letter from Honorable Carlos I. Uresti, Chair, Human Services Committee, Texas House of Representatives, to Nancy Fuller, Chair, Opinion Committee, Office of the Attorney General (Dec. 2, 2003) (on file with Opinion Committee).

chapter 2001 of the Government Code. "Contested case" is defined as "a proceeding, including a ratemaking or licensing proceeding, in which the legal rights, duties, or privileges of a party are to be determined by a state agency after an opportunity for adjudicative hearing." TEX. GOV'T CODE ANN. § 2001.003(1) (Vernon 2000). "'Licensing' includes a state agency process relating to the granting, denial, renewal, revocation, suspension, annulment, withdrawal, or amendment of a license." *Id.* § 2001.003(3). Subchapter C of chapter 2001 sets forth the rules of procedure for a contested case, while section 2001.081 declares that "[t]he rules of evidence as applied in a nonjury civil case in a district court of this state," with the proviso that evidence inadmissible under judicial rules may, under certain circumstances, be admissible in a contested case hearing. *Id.* § 2001.081.

In construing a statute, whether or not ambiguous, a court may consider the legislative history of its enactment. *Id.* § 311.023 (Vernon 1998). The House Committee Report on House Bill 1606, which enacted section 572.052(a) of the Government Code, indicates the legislative intent behind the statute's enactment:

> C.S.H.B. 1606 amends the current prohibition against a member of the legislature representing another person for compensation before a state agency in the executive branch of government by (1) eliminating the existing exceptions to the prohibition and adding instead a new exception allowing for the continued representation of another person for compensation in an administrative proceeding that arises out of the same facts from which a criminal proceeding in which the member represented the person arose . . . .

HOUSE SELECT COMM. ON ETHICS, BILL ANALYSIS, Tex. H.B. 1606, 78th Leg., R.S. (2003). This language makes clear the meaning of the phrase "pursuant to an attorney-client relationship in a criminal law matter." A legislator who has *previously* represented a licensee in a criminal law matter may continue to represent the licensee in any license revocation hearing that is predicated upon the same facts as the original criminal proceeding. According to the language of the bill analysis, representation in the criminal matter must *precede* the legislator's representation of the licensee in the license revocation hearing.

## S U M M A R Y

If a legislator has previously represented a licensee in a criminal law matter, he or she may continue to represent the licensee in any license revocation hearing that arises out of the same facts as the underlying criminal proceeding.

Yours very truly,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee